460 A.2d 316

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth H. RUSSELL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1983.

Filed April 29, 1983.

536

John H. Chronister, Assistant Public Defender, York, for appellant.

Sheryl Ann Dorney, Assistant District Attorney, York, for Commonwealth, appellee.

Before WICKERSHAM, CIRILLO and WATKINS, JJ.

CIRILLO, Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of York County, entered on June 5, 1981.

On January 13, 1981 appellant, Kenneth H. Russell, was tried before the Honorable John T. Miller, sitting without a jury, and convicted of burglary,[1] aggravated assault,[2] and criminal attempt[3] to commit rape.[4] On April 22, 1981 appellant's post-trial motions for a new trial and in arrest of judgment were denied and dismissed. Appellant was sen-

[1]. Act of December 6, 1972, P.L. 1482, No. 334, Section 1; 18 Pa.C.S.A. 3502.

[2]. Act of December 6, 1972, P.L. 1482, No. 334, Section 1, as amended by the Act of October 16, 1980, P.L. 978, No. 167, Section 2; 18 Pa.C.S.A. Section 2702.

[3]. Act of December 6, 1972, P.L. 1482, No. 334, Section 1; 18 Pa.C.S.A. Section 901(a).

[4]. Id.; 18 Pa.C.S.A. 3121.

tenced by Judge Miller on June 5, 1981 to terms of imprisonment of not less than 10 nor more than 20 years for burglary, not less than 2 nor more than 4 years for aggravated assault, and not less than 5 nor more than 10 years for criminal attempt to commit rape. The sentences for aggravated assault and attempted rape were ordered to run concurrently with the sentence for burglary. Appellant's motion for reconsideration of sentence was denied and this appeal followed.

■ Appellant contends that the evidence was insufficient to sustain a conviction on any of the charges and that the sentence of the Court was excessive under the circumstances of the case. The test of the sufficiency of the evidence in a criminal case is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, it is sufficient to enable the trier of fact to find every element of the crimes charged beyond a reasonable doubt. *Commonwealth v. Goldblum*, 498 Pa. 455, 447 A.2d 234 (1982).

Viewed in accordance with this standard, the evidence established that on May 12, 1980, between 1:00 a.m. and 2:00 a.m. the appellant forced open a sliding glass door at the victim's residence with a screwdriver. The victim, who had been sleeping, was awakened and discovered the appellant inside the threshold. She screamed and ran to the door to attempt to close it. However, before she could shut the door, appellant grabbed her and a struggle ensued. Both the victim and the appellant fell onto the patio outside the door. The appellant grabbed the victim around the neck and began to choke her until she could no longer breathe, gagged, and felt faint. Unable to repel her attacker, the victim asked if he was going to rape her. The appellant did not answer, but tied her hands behind her back and placed tape over her eyes, as she lay face down on the patio.

Appellant then picked the victim up and brought her into the house. Appellant repeatedly mumbled that he could not do it this way. Appellant proceeded to cut the victim's T-shirt, bra, jeans, and panties from her body with a knife.

Appellant fondled the victim's breasts and put his finger in her vagina. At this time, the police, responding to a call from neighbors, arrived at the victim's residence and rang the doorbell. The appellant then took the victim to the bathroom, removed the twine from her hands and the tape from her eyes, and ordered her to go to the door and tell the police that everything was all right. The victim went to the door, ran from the house, and told the police what had happened. Appellant was apprehended later that day.

■ Appellant contends that the evidence is insufficient to support a conviction for aggravated assault. Specifically, appellant contends that there is no evidence that the victim suffered serious bodily injury. Appellant's claim is without merit. In defining the crime of aggravated assault 18 Pa.C.S.A. 2702(a)(1) provides in pertinent part:

A person is guilty of aggravated assault if he attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life.

"Serious bodily injury" is defined in 19 Pa.C.S.A. 2301 as:

Bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

As the statute makes clear, a person can be found guilty of aggravated assault if he attempts to cause serious bodily injury; it is not necessary that the victim actually suffer serious bodily injury. *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978); *Commonwealth v. Pandolfo*, 300 Pa.Super. 447, 446 A.2d 939 (1982). However, as our Supreme Court said in *Commonwealth v. Alexander*, 447 Pa. at 194, 383 A.2d 889:

Where the injury actually inflicted did not constitute serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding that the blow delivered was accompanied by the intent to

inflict serious bodily injury. Criminal intent may be proved by direct or circumstantial evidence.

In *Alexander*, the defendant walked up to a man on the street and struck him in the face with his fist. The victim suffered an injury to his nose. The Commonwealth did not contend that the defendant in fact inflicted serious bodily injury upon the victim, but that the defendant's action in striking the victim was sufficient evidence to show that the defendant intended to inflict serious bodily injury and thus supported the conviction of aggravated assault. This Court accepted the Commonwealth's argument stressing that the blow was directed at the victim's head, a vital part of the body. Our Supreme Court reversed stating, "we cannot say that the mere fact that a punch was delivered to that portion of the body is sufficient, *without more*, to support a finding that the defendant intended to inflict serious bodily injury." *Id.* 477 Pa. at 194, 383 A.2d at 889. (emphasis in original) Nor, the Court concluded could the requisite intent be inferred from the circumstances surrounding the defendant's attack on the victim in that case. The Court said,

> In this case there simply are no such circumstances to support a finding that appellant harbored the requisite intent. There is no evidence that appellant was disproportionately larger or stronger than the victim; appellant was not restrained from escalating his attack upon the victim; appellant had no weapon or other implement to aid his attack; appellant made no statements before, during, or after the attack which might indicate his intent to inflict further injury upon the victim. Appellant delivered one punch and walked away.

*Id.* 477 Pa. at 194, 383 A.2d at 889–90.

However, the Court went on to state:

> We hasten to add that a simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant at-

tempted to inflict serious bodily injury, thereby constitut-
ing aggravated assault.

*Id.* 477 Pa. at 194, 383 A.2d at 889.

In *Commonwealth v. Kibe*, 258 Pa.Super. 353, 392 A.2d
831 (1978), a female victim was attacked from behind by a
man as she walked to her parked car.  The man ordered her
to get into her car but she refused to do so.  The man then
began to loosen his pants and the victim, fearing impending
rape, screamed.  The assailant struck her in the face,
fracturing her nose.  In affirming the assailant's conviction
for aggravated assault this Court said:

> In our opinion the facts in the instant case present
> sufficient additional circumstances to support the aggra-
> vated assault conviction, and therefore *Commonwealth v.
> Alexander, supra* does not control.
>
> Where a lone woman is approached at a late hour from
> the rear without warning by a male, ordered into her car,
> put in fear of an impending rape, and upon her refusal,
> struck with such force in the face as to fracture her nose,
> we hold that evidence sufficient to support a conviction
> for aggravated assault.

*Id.* 258 Pa.Super. at 357–58, 392 A.2d at 832–33.

■  Likewise, in the instant case as in *Kibe*, the victim, a
lone woman, was attacked at night without warning and put
in fear of impending rape.  Thus as in *Kibe*, there are
additional circumstances, which combined with the appel-
lant's act of choking the victim, are sufficient to establish
beyond a reasonable doubt that appellant intended and
attempted to inflict serious bodily injury upon the victim.
The evidence therefore is sufficient to support a conviction
for aggravated assault.

Appellant also contends that the evidence was insufficient
to support his conviction for attempted rape.  Specifically,
appellant contends that the evidence was insufficient to
prove that he had the intent to commit the crime of rape,
and that the acts done by him did not constitute a substan-
tial step toward the commission of the crime of rape.  In
support of these contentions, appellant argues that at no

time did he ever tell the victim he intended to rape her, that he removed only his shirt and shoes, and that while he had ample opportunity to rape the victim, he did not do so.

██ In defining the crime of rape, 18 Pa.C.S.A. 3121 provides in pertinent part:

A person commits a felony of the first degree when he engages in sexual intercourse with another person not his spouse:

(1) by forcible compulsion;

(2) by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution;

Criminal attempt is defined in 18 Pa.C.S.A. 901(a) which provides,

A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime.

In the instant case the same acts which established beyond a reasonable doubt the appellant's intent to commit the crime of rape also constituted a substantial step toward the commission of that crime. In *Commonwealth v. Bullock*, 259. Pa.Super. 467, 472–73, 393 A.2d 921, 923 (1978), this Court said:

With regard to attempted rape, appellant contends that ripping Miss Kirby's shirt, pulling down her bra, and attempting to remove her pants was not so substantial a step toward rape to fulfill the requirement of an attempt. Crimes Code, 18 Pa.C.S. § 901(a) (1973). It should be noted that appellant had already committed the sexual offense of indecent assault under the Crimes Code, 18 Pa.C.S. § 3126(1) when he tore open Miss Kirby's shirt and ripped down her bra. Especially given the awesome violence of appellant's attack on Miss Kirby, and because he went further and attempted to remove Miss Kirby's pants, it was reasonable for the fact-finder to conclude that appellant had taken a substantial step toward rape. *Cf, Commonwealth v. White*, 232 Pa.Super. 176, 181, 335 A.2d 436 (1975). Indeed, it would appear that the only

other reasonable inference which could arise from appellant's conduct was that he intended to commit involuntary deviate sexual intercourse, also a felony of the first degree. Crimes Code, 18 Pa.C.S. § 3123. Since orthodox intercourse is the more common act, rape was the more natural inference.

See also Commonwealth v. Moody, 295 Pa.Super. 106, 441 A.2d 371 (1982).

In the instant case, the appellant cut all the victim's clothing from her body with a knife, tied her up, placed tape over her eyes, fondled her breasts and put his finger in her vagina. Appellant was interrupted when the police rang the door bell. As this Court noted in Commonwealth v. Gilliam, 273 Pa.Super. at 589–90, 417 A.2d at 1205 (1980), "[t]he substantial step test broadens the scope of attempt liability by concentrating on the acts the defendant has done and does not any longer focus on the acts remaining to be done before actual commission of the crime." In the instant case appellant's acts clearly constituted a substantial step toward the commission of the crime of rape.

Likewise, this same evidence also establishes appellant's intent to commit rape. Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances. Commonwealth v. Alexander, supra; Commonwealth v. Gregory, 267 Pa.Super. 103, 406 A.2d 539 (1979). In the instant case the appellant bound and blindfolded the victim and cut off all her clothing with a knife. He repeatedly said "I can't do it this way." The appellant fondled the victim's breasts and put his finger in her vagina. This evidence is sufficient to prove beyond a reasonable doubt appellant's intent to commit rape.

Appellant also contends that the evidence was insufficient to sustain his conviction of burglary. In defining the crime of burglary 18 Pa.C.S.A. 3502(a) provides in pertinent part:

A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein,

unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

Appellant does not dispute that he entered the victim's residence, that it was an occupied structure, that it was not open to the public, or that he was not licensed or privileged to enter. Appellant only contends that the evidence is insufficient to establish that at the time he entered the victim's residence he had the intent to commit the crime of rape. Appellant contends that at the time he entered the victim's residence he intended only to converse with the victim, to get to know her better.

■■■ In order to be convicted of burglary, the defendant must have formed the intent to commit a crime when he entered the victim's residence, not after he entered. *Commonwealth v. Crocker*, 280 Pa.Super. 470, 421 A.2d 818 (1980). The entry must be contemporaneous with the intent to commit a crime therein. *Commonwealth v. Gonzales*, 297 Pa.Super. 66, 443 A.2d 301 (1982). Although the Commonwealth is not required to specify in a burglary indictment or information what crime the accused allegedly intended to commit, where such crime is specified the Commonwealth is required to prove the requisite intent for that crime. *Commonwealth v. Lewis*, 276 Pa.Super. 451, 419 A.2d 544 (1980). This intent may be established by the defendant's words or inferred from his conduct or from the attendant circumstances *Commonwealth v. Gonzales, supra; Commonwealth v. Madison*, 263 Pa.Super. 206, 397 A.2d 818 (1979).

■■■ In the instant case the evidence establishes beyond a reasonable doubt that at the time appellant entered the victim's residence he had the intent to commit rape. This intent can be inferred from the evidence that when he forcibly entered the victim's residence he brought with him the twine, tape and knife which he used to bind, blindfold and strip the victim. This evidence belies appellant's story that he intended only to converse with the victim. The evidence thus establishes beyond a reasonable doubt the

requisite contemporaneous intent to commit rape and therefore supports appellant's conviction for burglary.

Thus, the evidence established appellant's guilt beyond a reasonable doubt of burglary, aggravated assault and attempted rape.

Finally, appellant contends that the Trial Court's sentence is excessive under the circumstances of this case. The imposition of sentence is a matter vested in the sound discretion of the sentencing judge, whose determination will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Corson*, 298 Pa.Super. 51, 444 A.2d 170 (1982). If the sentence is within statutory limits there is no abuse of discretion unless the sentence is so manifestly excessive as to inflict too severe a punishment. *Id.*

The sentences in the instant case are within the statutory limits. Burglary is a felony of the first degree, 18 Pa.C. S.A. 3502(c), and as such is punishable by a term of imprisonment which may not exceed 20 years. 18 Pa.C.S.A. 1103(1). Appellant was sentenced on the burglary conviction to not less than 10 nor more than 20 years imprisonment. Aggravated assault under 18 Pa.C.S.A. 2702(a)(1) is a felony of the second degree and as such is punishable by a term of imprisonment which may not exceed ten years. 18 Pa.C.S.A. 1103(2). On the aggravated assault charge appellant was sentenced to not less than two nor more than 4 years imprisonment. With regard to the sentence for attempted rape, 18 Pa.C.S.A. 905(a) provides:

> Except as otherwise provided in this section, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy. An attempt, solicitation or conspiracy to commit murder or a felony of the first degree is a felony of the second degree.

Rape is a felony of the first degree. 18 Pa.C.S.A. 3121. Therefore under section 905(a), attempted rape is punishable as a felony of the second degree. A felony of the

second degree is punishable by a term of imprisonment of not more than 10 years. 18 Pa.C.S.A. 1103(2). Appellant was sentenced on the conviction of attempted rape to not less than 5 nor more than 10 years in prison. Thus, the sentences are within statutory limits.

In exercising it's sentencing discretion, the Court must consider the general principles and standards of the Sentencing Code [5] and the specific factors of the particular sentencing alternatives. The Court must be guided by the general standard, that the sentence should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. 42 Pa.C.S.A. 9721(b). Furthermore, to assure effective appellate review of sentencing, the Trial Court must set forth on the record the reasons for the sentence. *Id.* While this statement of reasons need not specifically cite or include the language of the Sentencing Code, it must demonstrate that the Court considered the factors set forth in the Code. *Commonwealth v. Franklin,* 301 Pa.Super. 17, 446 A.2d 1313 (1982). In the instant case, the Trial Court imposed a sentence of total confinement. 42 Pa.C.S.A. 9725 provides:

The court shall impose a sentence of total confinement if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because:

(1) there is undue risk that during a period of probation or partial confinement the defendant will commit another crime;

(2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or

(3) a lesser sentence will depreciate the seriousness of the crime of the defendant.

5. Act of December 30, 1974, P.L. 1052 No. 345, Section 1 as amended; 42 Pa.C.S.A. Section 9701 *et seq.*

The record of the sentencing proceeding clearly demonstrates that the Trial Court considered the general standards of Section 9721 and the specific factors of Section 9725. The Court considered appellant's psychological problems, his past criminal history, and the nature, circumstances and gravity of his offenses. The Court considered the appellant's past conviction for assault with intent to ravish, aggravated assault and battery, and mayhem. Furthermore, the Court noted that the instant offenses occurred less than six weeks after appellant's release on parole. The record clearly indicates the Trial Court's conclusion that the appellant presented an undue risk to the community and was in need of correctional treatment that could best be provided by his commitment to an institution.

Thus, considering the nature, circumstance, and gravity of the offense, the appellant's past criminal history and need for rehabilitation and treatment, and the need to protect the public, the sentences being within statutory limits do not constitute an abuse of discretion nor are they manifestly excessive so as to inflict too severe a punishment.

Judgment of sentence affirmed.