539 A.2d 855

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph QUARTAPELLA, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 8, 1987.

Filed March 29, 1988.

Rosemary W. Dann, Public Defender, Wallingford, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Newton Square, for Com.

Before WIEAND, KELLY and HESTER, JJ.

WIEAND, Judge:

Joseph Quartapella was tried non-jury and was found guilty of theft by deception. Post-trial motions were denied, and he was sentenced to make restitution and undergo imprisonment for not less than six months nor more than twelve months. On direct appeal, he argues that the evidence was insufficient to sustain the verdict and that the sentence was excessive. We disagree and affirm the judgment of sentence.

Theft by deception is defined at 18 Pa.C.S. § 3922 as follows:

(a) A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(1) creates or reinforces a false impression including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

(2) prevents another from acquiring information which would affect his judgment of a transaction; or

(3) fails to correct a false impression which the deceiver previously created or reinforced or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

(b) Exception—The term "deceive" does not, however, include falsity as to matters having no pecuniary significance, or puffing by statements unlikely to deceive ordinary persons in the group addressed.

This statute rejects the traditional restriction that fraud must entail deception as to an existing fact. "This is accomplished ... by the unqualified definition of deception in subsection ... [(a)]: the deception may relate to the intention of any person, the opinion of the actor or a third person, the state of the law in any jurisdiction, or events of the past, present or future. *Whatever means the actor selects as the effective ones to deceive will be included.*" Toll, Pennsylvania Crimes Code Annotated § 3922 (emphasis added). As a general rule, however, the statute will not be interpreted so broadly as to jeopardize normal business practices. *Commonwealth v. Gallo*, 473 Pa. 186, 373 A.2d 1109 (1977); *Commonwealth v. Peduzzi*, 338 Pa.Super. 551, 488 A.2d 29 (1985). "[D]eception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise." 18 Pa.C.S. § 3922(a)(1).

"The test of the sufficiency of the evidence in a criminal case is whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth and drawing all reasonable inferences in the Commonwealth's favor, there is sufficient evidence to enable the trier of fact to find every element of the [crime] charged beyond a reasonable doubt." *Commonwealth v. Peduzzi, supra,* 338 Pa.Superior Ct. at 555, 488 A.2d at 31–32, quoting *Commonwealth v. Carter,* 329 Pa.Super. 490, 495–496, 478 A.2d 1286, 1288 (1984). The findings made by the trier of the facts, however, may be based on circumstantial evidence. *Commonwealth v. Shirey,* 343 Pa.Super. 189, 193, 494 A.2d 420, 422 (1985), citing *Commonwealth v. Harper,* 485 Pa. 572, 403 A.2d 536 (1979). Thus, criminal intent may be established by circumstantial evidence. *Commonwealth v. Russell,* 313 Pa.Super. 534, 543, 460 A.2d 316, 321 (1983). When circumstantial evidence is used to establish an essential element of the crime, that element must flow beyond a reasonable doubt from the proven circumstances. *Commonwealth v. Meredith,* 490 Pa. 303, 310, 416 A.2d 481, 485 (1980), citing *Commonwealth v. DiFrancesco,* 458 Pa. 188, 329 A.2d 204 (1974). This court must fix "a line of demarcation between the requisite degree of persuasion ('beyond a reasonable doubt') and impermissible speculation. The former is required while the latter is not tolerated as a basis for conviction." *Commonwealth v. Paschall,* 333 Pa.Super. 323, 327, 482 A.2d 589, 591 (1984), citing *Commonwealth v. Meredith, supra* (citation omitted).

 The only evidence presented by the Commonwealth was the testimony of Dolores Roulston, the alleged victim. In July of 1984, Roulston met Quartapella at a nursing home where Roulston's mother was confined and where Quartapella was convalescing from an illness. During Roulston's frequent visits to the nursing home, she would stop and talk with Quartapella. In August, 1984, they spent a day at Atlantic City. It was during or shortly after that trip that appellant asked Roulston to obtain a loan on his behalf for $5,000.00. He executed a note for this

amount and promised that he would repay it from an anticipated insurance payment. Roulston obtained the loan from the credit union at her place of employment and gave the money to Quartapella. No part of this loan has been repaid.

A short time later, appellant represented that his stepfather needed $1,700.00 for tires. Roulston withdrew the money from a bank account and delivered it to Quartapella's stepfather. This money has not been repaid.

Next, appellant asked for $10,000.00 to purchase a home in Rose Tree. Roulston withdrew $8,000.00 from the credit union, cashed a check for $2,000.00, and delivered the $10,000.00 to appellant. No home has been purchased, and no part of the $10,000.00 has been returned.

Appellant later asked for another $10,000.00, representing that he wanted to venture into an automobile business with a friend. In November, 1984, this money was also advanced. Roulston testified that, according to appellant, she was to take care of the books. However, no business has been purchased, and the money has not been repaid.

Additional loans were made for Christmas gifts and because appellant's sister was represented to be ill. None of these moneys have been repaid.

From this evidence, including the frequency of the requests, the misrepresented reasons for several of the advances, and the failure to make any attempt to repay the moneys, it is possible to infer an intent to defraud. Although the failure to repay the loans does not alone create an inference that appellant intended to defraud, the fact of non-payment may be considered with the other evidence in determining whether appellant intended to defraud. Appellant was unemployed and had no apparent source of income. Although he borrowed moneys to buy a home and to invest in a business, neither the home nor the business ever materialized. Instead, the funds disappeared, and no effort was made to repay them. Contrary to appellant's assertion, an intent to deceive was not rendered non-existent merely because Roulston had been induced to advance the money in part by a belief that she would be able thereby to nurture a

relationship between herself and appellant. After a careful review of the evidence, we conclude that it was sufficient to support the trial court's finding that appellant obtained and withheld Roulston's money by a deceptive scheme to defraud.

■ As required by Pa.R.App.P. 2119(f), appellant has requested that we review the discretionary aspects of the sentence which the trial court imposed upon him. The only reason offered in support of this request, however, is that the sentence, "while falling within the guidelines, is inappropriate under the circumstances of this case, and that application of the guidelines was clearly unreasonable." We deem this inadequate to suggest a substantial issue. The sentencing guidelines have been determined by the Supreme Court to be invalid and of no effect. *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987). Moreover, appellant has been unable to suggest any basis whatsoever for holding that his sentence was inappropriate. Under these circumstances, we decline to review the exercise of the trial court's discretion in formulating the sentence to be imposed.

The judgment of sentence is affirmed.