564 A.2d 246

**COMMONWEALTH of Pennsylvania**

v.

**James T. PARKER, Appellant.**

Superior Court of Pennsylvania.

Submitted June 27, 1989.

Filed Sept. 29, 1989.

Hugh A. Donaghue, Media, for appellant.

Ann A. Osborne, Asst. Dist. Atty., Media, for Com.

Before DEL SOLE, TAMILIA and CERCONE, JJ.

CERCONE, Judge.

This appeal is from the judgment of sentence of the Court of Common Pleas of Delaware County. We affirm.

Appellant was charged, by private complaint, with theft by unlawful taking [1] and theft by deception.[2] The complaint alleged that complainant, Glenn Moyer, had loaned

---

**1.** 18 Pa.C.S.A. § 3921(b).

**2.** *Id.* § 3922(a).

appellant fourteen thousand dollars ($14,000) with the understanding that the amount was to be repaid in four installments. Further, appellant had told complainant that he owned an automobile upon which a lien could be placed as security for the loan. The complainant alleged that after the money was transferred, he discovered that appellant did not own the vehicle, and that no lien could be placed on it. According to the complaint, appellant had also refused to repay the loan. The complaint was filed in Delaware County.

In July, 1988, appellant filed a motion to dismiss claiming lack of jurisdiction of the Court of Common Pleas of Delaware County because "any and all alleged events did not take place in the County of Delaware...." The motion was denied and the case proceeded to trial.

The jury returned a verdict of guilty of theft by deception. Appellant's post-verdict motions were denied and he was sentenced to a term of three years probation. Appellant was also ordered to pay restitution in the amount of fourteen thousand dollars ($14,000) within a period of three months. After appellant moved to modify his sentence, the court ordered an extension of the time period in which appellant was to pay restitution, from three (3) to six (6) months. From the judgment of sentence, appellant filed the instant timely appeal.

Appellant makes the following contentions on appeal: (1) the verdict was not supported by the evidence and was against the weight of the evidence; (2) there was insufficient evidence that any transaction occurred in Delaware County; and (3) trial counsel was ineffective in failing to properly investigate and prepare a defense.

■ Appellant's first contention is that the evidence was insufficient to support the verdict. In reviewing claims of sufficiency of the evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all proper inferences favorable to the Commonwealth, determine whether the jury could reasonably have found all of the elements of the crime to have

been established beyond a reasonable doubt. *Common-wealth v. Edwards,* 521 Pa.Super. 134, 555 A.2d 818 (1989). Furthermore, it is the prerogative of the fact-finder to believe all, part, or none of the evidence presented. *Commonwealth v. Lyons,* 382 Pa.Super. 438, 555 A.2d 920 (1989). A determination of the credibility of witnesses is within the sole province of the trier of fact. *Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102 (1984). An appellate tribunal will not engage in a reevaluation of the testimony of witnesses found credible by the jury. *Commonwealth v. Nelson,* 337 Pa.Super. 292, 486 A.2d 1340 (1984).

The pertinent elements of the offense of theft by deception are defined, by statute, as follows:

> A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:
>
> (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;
>
> . . . .

18 Pa. C.S.A. § 3922(a)(1). Thus, in the instant case, there must be more in the evidence than appellant's failure to repay fourteen thousand dollars ($14,000).

We have reviewed the record of testimony in the instant case, and accept the trial court's analysis of the evidence:

> In this case, the victim and the Defendant presented two conflicting accounts of their business dealings. The victim testified that he loaned Defendant $14,000 in cash in two installments of $7,000 each on two separate occasions a few days apart, the first occurring in Delaware County. The purpose of the loan was to finance Defendant's new business and was to be secured by a brand new automobile already purchased. He further testified that after giving Defendant the money, he found that the business did not exist, and he could not locate Defendant

to have the loan collateralized or to have Defendant repay the loan.

Defendant, on the other hand, testified that he only borrowed $6700 to finance a gambling expedition to Atlantic City. He denied borrowing $14,000 and said that there was only one transaction which occurred in Philadelphia.

Presented with these conflicting accounts, the jury clearly found more credible the victim's testimony and accordingly found the Defendant guilty of theft by deception. Viewing the evidence in a light most favorable to the verdict winner, the Commonwealth established the elements of theft by deception beyond a reasonable doubt in that defendant created the false impression that he had already purchased an automobile in which Moyer could obtain a security interest as collateral for the loan. 18 Pa.C.S. § 3922. Further, he deceived the victim as to the reason for the loan, to purchase a particular business when the business did not exist. *Id.*

Appellant contends that, in order to constitute the offense of false pretenses, there must be a false representation of an existing fact, and that the Commonwealth has not offered proof of such in the instant case. He contends that a representation of an acquisition of a future business is not sufficient to establish a false pretense or impression even though a promisor did not intend to perform.

Appellant's argument is meritless for two reasons. He forgets that the jury accepted the fact that he deceived the claimant when he stated he owned an automobile when in fact he did not. In addition, although existing law at the time of the enactment of section 3922 made it a crime to cheat by fraudulent pretenses, "[t]his section [3922] broadens existing law under which 'false pretenses' is limited to false representations of existing facts. *Commonwealth v. Becker*, 151 Pa.Superior Ct. 169 [30 A.2d 195] (1943)." Official Comment—1972, 18 Pa.C.S.A. § 3922. As the Court in *Commonwealth v. Quartapella*, 372 Pa.Super. 400, 539 A.2d 855 (1988) observed:

This statute [section 3922] rejects the traditional restriction that fraud must entail deception as to an existing fact. "This is accomplished ... by the unqualified definition of deception in subsection ... [ (a) ]: the deception may relate to the intention of any person, the opinion of the actor or a third person, the state of the law in any jurisdiction, or events of the past, present or future. Whatever means the actor selects as the effective ones to deceive will be included." Toll, Pennsylvania Crimes Code Annotated § 3922....

*Id.*, 372 Pa.Superior Ct. at 402–03, 539 A.2d at 856 (emphasis omitted).

Thus, it is clear that the current statute does not limit theft by deception to false representations of existing facts. The fact that appellant's false representations related to a non-existent business entity does not take the case out of the parameters of section 3922.

■ Appellant contends, nevertheless, that the Commonwealth failed to prove that appellant had the requisite intent to defraud. Criminal intent may be established by either direct or circumstantial evidence. *Commonwealth v. Russell*, 313 Pa.Super. 534, 460 A.2d 316 (1983). "[I]t may be inferred from acts or conduct or from the attendant circumstances." *Id.*, 313 Pa.Superior Ct. at 543, 460 A.2d at 321. There was evidence introduced in the instant case which was sufficient to prove an intent by appellant to defraud the complainant. That evidence included testimony that appellant prevailed upon the complainant to loan him money for a non-existent business or one with which appellant had no connection, that appellant had informed the complainant or led him to believe that he had purchased an automobile which could be used as collateral for the loan, that appellant subsequently refused to repay the victim, and that he failed to return the victim's phone calls or make himself available to transact the necessary procedures required to establish a security interest in the automobile. All of this testimony was evidence of an intent to defraud the victim. The jury accepted this testimony and it is not our function to re-eval-

uate the jury's credibility determination. *Commonwealth v. Jackson, supra; Commonwealth v. Nelson, supra.* We are satisfied that the evidence in the instant case was sufficient to support the verdict of guilty of theft by deception.

Appellant also contends that the evidence was insufficient to support the jurisdiction of the Delaware County Court of Common Pleas in that no transaction took place in Delaware County. We disagree. Testimony was introduced at trial that two transactions occurred between appellant and the victim, one of which took place in Delaware County. Although contrary evidence was introduced by the defense, the jury apparently found that testimony less than credible. Again, as we stated previously, it is not our function to disturb the credibility determination of the finder of fact. *Commonwealth v. Jackson, supra; Commonwealth v. Nelson, supra.* Since evidence was adduced at trial which would support the jurisdiction of the Delaware County court, we hold that appellant's claim regarding the sufficiency of the evidence to support the lower court's exercise of jurisdiction is meritless.

Appellant alleges that the verdict was against the weight of the evidence. A new trial can be obtained on weight of the evidence grounds only when it appears from the record that the fact-finder's verdict was so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Saksek,* 361 Pa.Super. 173, 522 A.2d 70 (1987). "Whether a new trial should be granted on grounds that the verdict is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will not be reversed on appeal unless there has been an abuse of discretion." *Commonwealth v. Taylor,* 324 Pa.Super. 420, 425, 471 A.2d 1228, 1230 (1984).

We have reviewed the record in the instant case and find no abuse of discretion by the lower court in denying appellant's motion for a new trial. Evidence was introduced at trial from which the jury could properly have

concluded that appellant had engaged in theft by deception, and that at least one of the transactions in the deceptive scheme occurred in Delaware County. Although some contrary evidence was presented by the defense, it was the jury's prerogative to evaluate the evidence and make assessments of the witnesses' credibility. We find nothing in the jury's conclusions contrary to the evidence presented. Appellant is not entitled to a new trial on weight of the evidence grounds.

Appellant asserts on appeal that trial counsel was ineffective for failing to investigate the case and identify possible witnesses who could have provided testimony attacking the credibility of the complainant. There are three elements to a valid claim of ineffective assistance of counsel:

> [w]e inquire first whether the underlying claim is of arguable merit; that is, whether the disputed action or omission by counsel was of questionable legal soundness. If so, we ask whether counsel had any reasonable basis for the questionable action or omission which was designed to effectuate his client's interest. If he did, our inquiry ends. If not, the appellant will be granted relief if he also demonstrates that counsel's improper course of conduct worked to his prejudice, i.e., had an adverse effect upon the outcome of the proceedings. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987); *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

*Commonwealth v. Davis*, 518 Pa. 77, 83, 541 A.2d 315, 318 (1988). Allegations of ineffectiveness of counsel must be pleaded with specificity. *Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981); *Commonwealth v. Brown*, 313 Pa.Super. 256, 459 A.2d 837 (1983). Counsel will not be deemed ineffective for failing to assert a baseless claim. *Commonwealth v. Garvin*, 335 Pa.Super. 560, 485 A.2d 36 (1984). The law presumes that counsel is effective and the burden of establishing ineffective assistance of counsel

rests upon the appellant. *Commonwealth v. McNeil,* 506 Pa. 607, 487 A.2d 802 (1985).

A successful claim of ineffectiveness of counsel for failure to call or investigate possible witnesses must establish (1) the identity of the witnesses; (2) that counsel knew of their existence; (3) the material evidence that the witnesses would have provided; and (4) the manner in which the witnesses would have been helpful to his case. *Commonwealth v. Polk,* 347 Pa.Super. 265, 500 A.2d 825 (1985). Although an evidentiary hearing was held on appellant's ineffectiveness claim, he failed to establish any of the requisite elements. As the lower court indicated:

5. Defendant failed to produce any evidence at his post-trial hearing to show the existence of witnesses who would have testified favorably on his behalf at trial.

8. Defendant failed to produce any facts at his post-trial hearing upon which the victim's credibility could have been impeached at trial.

We have reviewed the transcript of the post-trial hearing and agree with the lower court's conclusions. Similarly, appellant has not set forth in his appellate brief any specific allegations concerning any of the factors set forth in *Commonwealth v. Polk, supra.* Having failed to set forth such specific allegations, appellant's claim must fail.

Appellant presents a vague claim that trial counsel was ineffective for failing to prepare a defense. He states in this regard that trial counsel did not properly interview the defendant or investigate the alleged victim. The lower court indicated in its findings following the post-trial hearing on appellant's ineffectiveness claim that "[d]efendant failed to produce any facts or theories at his post-trial hearing to show that investigation of his case would have produced any evidence admissible at trial." We agree.

Appellant's claim that trial counsel was ineffective in failing to investigate the victim has no merit. A witness's credibility may not be impeached by prior acts of

misconduct which have not led to a conviction. *Commonwealth v. Katchmer*, 453 Pa. 461, 309 A.2d 591 (1973); *Commonwealth v. Fuller*, 336 Pa.Super. 507, 485 A.2d 1197 (1984). No such evidence was proffered by appellant at his post-conviction hearing, as the lower court pointed out. As to appellant's claim that counsel was ineffective in failing to properly interview appellant, that allegation was found by the lower court to be incredible, following appellant's post-conviction hearing. We are not able to discern any reason for disturbing this finding. Therefore, we reject appellant's latter claim of counsel's ineffectiveness.

Having found no merit to any of appellant's arguments on appeal, we will affirm the judgment of sentence.

Judgment of sentence affirmed.