J-S13023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JUSTIN WADE SWEITZER :
:
Appellant : No. 1008 MDA 2019

Appeal from the Judgment of Sentence Entered May 22, 2019
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005655-2018

BEFORE:   STABILE, J., DUBOW, J., and PELLEGRINI, J.*

MEMORANDUM BY DUBOW, J.:                         **FILED APRIL 22, 2020**

Appellant, Justin Wade Sweitzer, appeals from the Judgment of Sentence entered on May 22, 2019, after a jury convicted him of one count each of Simple Assault (Bodily Injury Attempted) and Resisting Arrest.[1]  He challenges the denial of his Motion *in Limine* in which he sought to exclude a derogatory comment he made post-arrest regarding his wife, the victim in this case.  After careful review, we conclude that the trial court erred in admitting Appellant's derogatory statement about the victim.  However, we conclude the error was harmless in light of the evidence supporting Appellant's convictions.  Accordingly, we affirm.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1) and 5104, respectively.  The trial court convicted Appellant of one count of Harassment.  18 Pa.C.S. § 2709(a)(1).

We glean the underlying facts from the trial court's Pa.R.A.P. 1925(a) Opinion and the certified record. On August 22, 2018, the victim called York County Emergency Services to report that Appellant was drunk, had thrown a bottle at her, and slammed a car door on her. When Officer Andrew Neff of the Lower Windsor Township Police Department arrived at the home, Appellant was in the backyard. Officer Neff noticed Appellant was intoxicated and instructed him to put his hands behind his back. Appellant instead walked away. Officer Neff followed him and attempted to handcuff him, but Appellant ran off yelling and screaming. When Officer Neff caught up with him, he took Appellant down to the ground as Appellant flailed his arms, rolled back and forth, and kicked his legs, despite Officer Neff's instructions to stop. Police officers arrested Appellant and informed him of his **Miranda**[2] rights before putting him into the back of the police car so they could speak with the victim.

The victim described the dispute to the officers, stating that Appellant was drunk, and she did not want him driving her car. She also told them that Appellant had slammed the car door on her and threw a water bottle at her. The victim later submitted to the police officers a written statement describing the incident.

The Commonwealth charged Appellant with the above crimes.[3]

---

[2] **Miranda v. Arizona**, 384 U.S. 436 (1966).

[3] The Harassment and Simple Assault charges were both based on Appellant's physical actions toward the victim. **See** Criminal Information, filed 10/22/18.

While *en route* to the police station, Appellant continued to yell and scream, stating that he had not slammed the door on the victim, but admitting that he did throw the water bottle at her. He also stated, "That's what I get for marrying a n****r."

On May 22, 2019, just before the commencement of trial, Appellant's counsel moved *in limine* to exclude Appellant's racist statement, arguing that the statement was more prejudicial than probative. ***See*** N.T. Trial, 5/22/19, at 5-6. The Commonwealth argued that the statement showed Appellant's mindset at the time of the crimes and is indicative of consciousness of guilt. ***Id***.[4] Appellant's counsel responded that the statement could be redacted to "That's what I get." ***Id***. at 6. The court rejected that suggestion and denied Appellant's Motion *in limine*. The trial proceeded.

At trial, the victim testified for the Commonwealth under subpoena, stating that she was Appellant's wife and they had been married 21 years. When asked about the incident in question, the victim could not remember some of the events she conveyed to police. She testified that she could only remember that Appellant had wanted her car keys and she did not want to give them to him because he had been drinking. ***Id.*** at 80. Even after reviewing her written police statement on the stand, which included allegations that Appellant had slammed the car door on the victim and threw

---

[4] Relevantly, Simple Assault requires the Commonwealth to prove beyond a reasonable doubt that the defendant took a substantial step *towards* causing *bodily* injury. 18 Pa.C.S. § 2701(a)(1).

- 3 -

a water bottle at her, the victim then insisted that all she could remember from that night was that she cleaned out her car to give Appellant the keys and then he did not want to take them. *Id*. She testified on cross-examination that she was not injured that night. *Id*. at 82.

Officer Neff testified regarding (1) his response to the radio call of a physical domestic altercation at Appellant's home; and (2) Appellant's fleeing and resisting arrest. He also testified that he saw the water bottle, with some undetermined amount of liquid in it, that the victim said Appellant had thrown at her.

Also, after the court overruled Appellant's objection, Officer Neff read the victim's written statement into the record. In the statement, the victim stated that when she refused to give Appellant her car keys, Appellant got angry and called her names, and that when she went out to her car to clean it, Appellant slammed the car door on her, threw a plastic water bottle at her, and yelled and cursed at her. Officer Neff also testified that after Appellant was removed from the victim's presence, placed in the back of the police car, Mirandized, and *en route* to the police station, Appellant said, "That's what I get for marrying a n****r." *Id.* at 106.

The jury found Appellant guilty of Simple Assault and Resisting Arrest.[5] Appellant waived a presentence investigation. The court sentenced him to 3

---

[5] The court found Appellant guilty of the summary offense of Harassment.

to 23 months' incarceration for Simple Assault (Bodily Injury Attempted), and a consecutive term of 12 months' probation for resisting arrest.[6]

Appellant timely appealed and filed an ordered Pa.R.A.P. 1925(b) Statement, raising 5 issues. The trial court responded with a Rule 1925(a) Opinion.

In his brief, Appellant seeks review of just one issue:

> Whether the trial court erred in allowing the Commonwealth to adduce Justin Wade Sweitzer's statement "[T]hat's what I get for marrying a n****r," because the statement was irrelevant and extremely prejudicial.

Appellant's Brief at 4.

Appellant challenges the court's denial of his Motion *in limine* seeking to exclude Appellant's racist statement. "We review a challenge to the denial of a motion *in limine* under an evidentiary abuse of discretion standard." *Commonwealth v. Hitcho*, 123 A.3d 731, 747 (Pa. 2015). A "trial court has broad discretion to determine whether evidence is admissible, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous. If the evidentiary question is purely one of law, our review is plenary."

---

[6] The court merged the sentence for the Harassment conviction and ordered Appellant to pay costs and perform 25 hours of community service.

***Commonwealth v. Belani***, 101 A.3d 1156, 1160 (Pa. Super. 2014) (internal quotation marks and citations omitted).

Our rules of evidence provide that, except as provided by law or rule, only relevant evidence is admissible. Pa.R.E. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Pa.R.E. 401. "However, although a court may find that evidence is relevant, the court may nevertheless exclude the evidence if its probative value is outweighed by the likelihood of unfair prejudice." ***Hitcho, supra*** at 747; Pa.R.E. 403. "Thus, in exercising its discretion, the trial court must balance the evidentiary value of the evidence against the potential dangers of unfairly prejudicing the accused, inflaming the passions of the jury, or confusing the jury." ***Hitcho, supra*** at 747-48(citations, quotation marks, and brackets omitted).

Appellant argues that the court erred in allowing the jury to hear that he referred to his wife using that derogatory, racist term while he was *en route* to the police station. He contends that the statement "is both irrelevant and explosively prejudicial," and "shed[s] no light on whether [Appellant] intended to cause bodily injury, or to 'harass, annoy or alarm.'" Appellant's Brief at 14-15. He further asserts that "[g]iven its prejudicial nature, the erroneously admitted statement likely figured in [Appellant's] convictions." ***Id***. at 17.

The trial court summarily addressed the instant challenge as follows:

> This [c]ourt agrees with defense counsel's assessment that [Appellant's] statement was highly offensive, but disagrees that it lacked probative value. The statement was made by [Appellant] unsolicited and is evidence of [Appellant's] state of mind on the evening of the incident and could aid the jury in determining [Appellant's] intent towards the victim.

Trial Ct. Op., dated 8/28/19, at 9.

We agree with the trial court that the use of "n****r" is "highly offensive." It is also undeniably inflammatory and, thus, highly prejudicial. We disagree, however, with the court's conclusion regarding the statement's probative value.

The uncontradicted evidence shows that Appellant made the derogatory statement to the police while he was in the back of the police car, away from the victim, and after the commission of the acts comprising the charged crimes. Simple Assault and Resisting Arrest require the formation of intent prior to or during the commission of the crimes, not after the crime. While a derogatory statement made after the commission of a crime could show a general animosity toward the object of the crime, it does not necessarily show the intent to commit the specific crime charged. *See generally Quarles v. United States*, 139 S.Ct. 1872, 1877 (2019) (discussing timing of intent requirement in context of "remaining-in" burglary statute); *Commonwealth v. Alston*, 651 A.2d 1092, 1094 (Pa. 1994) (noting that "intent may be inferred from actions as well as words[, but that] the actions must bear a reasonable relation to the commission of a crime"); *Commonwealth v. Russell*, 460 A.2d 316, 320 (Pa. Super. 1983) (noting that crime of attempt

- 7 -

definition is "with the intent to commit the crime, a person takes a substantial step *toward the commission* of the *crime.*" (emphasis added)). **See also** 18 Pa.C.S. § 2701(a)(1) (defining Simple Assault as, *inter alia*, "attempts to cause or intentionally, knowingly, or recklessly causing, bodily injury"); 18 Pa.C.S. § 2709(a)(1) (defining Harassment as "strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same").

The derogatory statement at issue here, made after the commission of the crime, is not relevant to show Appellant's intent *at the time* he committed the Simple Assault and Harassment offenses charged. **See** Criminal Information, filed 10/22/18. Accordingly, the statement had no probative value in the context of proving Appellant intended to cause bodily harm to the victim. We, thus, conclude the trial court erred in admitting the prejudicial statement.

However, we also conclude that the admission of the statement was harmless error. "In the event of an erroneous admission of evidence, a verdict can still be sustained if the error was harmless. An error is harmless if it could not have contributed to the verdict[.]" **Commonwealth v. Poplawski**, 130 A.3d 697, 716 (Pa. 2015) (citation omitted).

Our Supreme Court has found error harmless where: "(1) the error did not prejudice the defendant or the prejudice was *de minimis;* (2) the erroneously admitted evidence was merely cumulative of other untainted

evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error was so insignificant by comparison that the error could not have contributed to the verdict." *Id*. at 716 (citations omitted).

Here, the jury convicted Appellant of Simple Assault, Resisting Arrest, and Harassment. Our crimes code provides, in relevant part, that an individual commits the offense of Simple Assault if the evidence shows he attempted to cause bodily harm. 18 Pa.C.S. § 2701(a)(1). That is, the Commonwealth must prove beyond a reasonable doubt that the defendant took a substantial step towards causing bodily injury. "The Commonwealth need not establish the victim actually suffered bodily injury; rather, it is sufficient to support a conviction if the Commonwealth establishes an attempt to inflict bodily injury. This intent may be shown by circumstances, which reasonably suggest that a defendant intended to cause injury." *Commonwealth v. Martuscelli*, 54 A.3d 940, 948–49 (Pa. Super. 2012) (internal citations omitted).

A person will be convicted of Resisting Arrest where the Commonwealth proves that "if, with the intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa.C.S. § 5104.

Our crimes code defines harassment, relevantly, as "with intent to harass, annoy or alarm another, the person [ ] strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same."  18 Pa.C.S. § 2709(a)(1).

Appellant contends that the court's error was not harmless because, *inter alia*, "the evidence of guilt was not so overwhelming as to prevent the error from contributing to the verdict."  Appellant's Brief at 17.  We disagree.

Our review of the trial transcript shows that the evidence presented, *i.e.*, the victim's testimony, her written statement, and the testimony of Officer Neff, demonstrated that there was a domestic dispute in which Appellant was drunk, yelled and screamed at the victim when she refused to give him her car keys, slammed the car door on her, and threw a water bottle at her, which caused her to call 911.  The evidence also showed that when the police officer attempted to speak to Appellant, Appellant became belligerent, refused to cooperate with the officer, attempted to flee, and flailed and kicked when the officer attempted to handcuff him.

The jury's verdict reflects that it found the victim's written statement and Officer Neff's evidence more credible than the victim's testimony that she did not remember what happened that night. That evidence sufficiently established each element of the crimes charged. Although the admitted statement was prejudicial, it is highly speculative to say that that statement alone caused the jury to convict Appellant when the evidence found credible

by the jury overwhelmingly showed that Appellant committed the crimes charged. Accordingly, we affirm the Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/22/2020