J-S58027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL BERNARD USHERY, | |
| Appellant | No. 652 MDA 2015 |

Appeal from the Judgment of Sentence March 13, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005985-2010

BEFORE: GANTMAN, P.J., OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 14, 2015**

Appellant, Nathaniel Bernard Ushery appeals from the judgment of sentence entered on March 13, 2015,[1] as made final by the denial of his post-sentence motion on April 9, 2015. We affirm.

The factual background and procedural history of this case are as follows. On November 18, 2010, Appellant was arrested with 11 sandwich bags of marijuana, a cell phone, and $149.00 in currency. On February 28, 2011, Appellant was charged via criminal information with possession with

---

[1] The notes of testimony from Appellant's revocation hearing indicate that he was sentenced on February 13, 2015. Our review of the record, however, shows that this is a typographical error and that Appellant was sentenced on March 13, 2015.

---

* Retired Senior Judge assigned to the Superior Court

intent to deliver a controlled substance.[2] On March 28, 2011, Appellant pled guilty and was immediately sentenced to 23 months' probation.

On November 8, 2011, Appellant's probation was revoked and he was sentenced to 23 months' probation. On October 10, 2013, Appellant's probation was again revoked and he was again sentenced to 23 months' probation. At his October 10, 2013 revocation hearing, Appellant was told that, if he tested positive for illegal drugs while on probation, his probation would be revoked and he would be sentenced to a state term of imprisonment.

On February 10, 2015, Appellant tested positive for marijuana. On March 13, 2015, Appellant's probation was revoked and he was sentenced to one to two years' imprisonment. Appellant filed a post-sentence motion which was denied on April 9, 2015. This timely appeal followed.[3]

Appellant presents one issue for our review:

Whether the trial court erred in denying Appellant's [p]ost-[s]entence [m]otion where his sentence was excessive and unreasonable and constitutes too severe a punishment in light of the alleged gravity of the offense, Appellant's rehabilitative needs, and what is needed to protect the public?

Appellant's Brief at 5.

---

[2] 35 P.S. § 780-113(a)(30).

[3] On April 16, 2015 the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(b). On April 28, 2015, Appellant filed his concise statement. On May 4, 2015, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

Appellant argues that his sentence was excessive. This claim does not challenge the revocation of Appellant's probation. Rather, Appellant's claim challenges the discretionary aspects of his sentence. *See Commonwealth v. Schutzues*, 54 A.3d 86, 91 (Pa. Super. 2012), *appeal denied*, 67 A.3d 796 (Pa. 2013); *Commonwealth v. Reid*, 117 A.3d 777, 784 (Pa. Super. 2015). "[T]his [C]ourt's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1034 (Pa. Super. 2013) (*en banc*).

We note that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted). Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 708; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Trinidad***, 96 A.3d 1031, 1039 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014) (internal alterations and citation omitted); ***see also Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion. Appellant's brief also includes a statement pursuant to Pennsylvania Rule of Appellate Procedure 2119(f). Thus, we turn to whether this appeal presents a substantial question.

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa. Code § 303.1(b); ***Commonwealth v. Pasture***, 107 A.3d 21, 27 (Pa. 2014) (citation omitted). Nevertheless, in sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." ***Commonwealth v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Yeomans*, 24 A.3d 1044, 1049 (Pa. Super. 2011) (citation omitted). In his Rule 2119(f) statement, Appellant argues that his sentence was excessive and that the trial court failed to meaningfully consider certain mitigating factors. "[A]n excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question." *Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (citation omitted). Accordingly, Appellant has raised a substantial question and we turn to the merits of his discretionary aspects claim.

Appellant argues that the trial court failed to meaningfully consider the fact that he was employed or actively seeking employment while on probation. Appellant also argues that he had been clean for an extended period of time prior to his positive test in February 2015. He contends that three recent deaths in his family caused him to relapse and test positive for marijuana. According to Appellant, his state sentence was therefore excessive.

The trial court considered Appellant's mitigating factors when sentencing Appellant. *See* N.T., 3/13/15, at 4. It determined, however,

- 5 -

that the mitigating factors were outweighed by the necessity to vindicate its earlier warning to Appellant. *Id.* at 4-5. This was not Appellant's first misstep while on probation. Instead, it was his third misstep over a four-year time period. The trial court reasonably determined that probation was not working and incarceration was necessarily in order to protect the public and assist in Appellant's rehabilitation. Accordingly, we ascertain no abuse of discretion in the trial court's sentence of one to two years' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2015