J-S58026-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HARVEY L. MATTHEWS, JR., | |
| Appellant | No. 531 MDA 2015 |

Appeal from the Judgment of Sentence of December 2, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001241-2014

BEFORE:  GANTMAN, P.J., OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 05, 2015**

Appellant, Harvey L. Matthews, Jr., appeals from the judgment of sentence entered on December 2, 2014, following his guilty pleas to simple assault, disorderly conduct, and harassment.[1]   We affirm.

We summarize the factual and procedural history of this case as follows.  On October 27, 2014, Appellant entered an open guilty plea to the aforementioned offenses following an incident in which he was observed slamming his paramour's head onto the pavement.  On December 2, 2014, the trial court sentenced Appellant to one to two years in state prison for simple assault and six to 12 months in state prison for disorderly conduct. Appellant received a fine for his harassment conviction.  In addition, the trial

---

[1]  18 Pa.C.S.A. §§ 2701(a)(1), 5503(a)(1), and 2709(a)(1), respectively.

* Retired Senior Judge assigned to the Superior Court.

court ordered a mental health evaluation and directed that any resulting recommended treatment be completed in prison. It further ordered no drugs, no alcohol, and the completion of a domestic violence intervention program and counseling.

On December 12, 2014, Appellant filed a *pro se* motion to reconsider his sentence, seeking the imposition of concurrent punishments. On January 28, 2015, newly appointed counsel filed an amended motion to reconsider sentence. The Commonwealth filed an answer to Appellant's motion on February 9, 2015 and the court denied relief on February 20, 2015.

Appellant filed a timely notice of appeal on March 20, 2015. On March 23, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on April 10, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on April 21, 2015.

On appeal, Appellant raises a single issue for our review:

> Whether the imposition of an aggregate sentence of [18 to 36] months[] incarceration was excessive given [Appellant's circumstances]?

Appellant's Brief at 4.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant does not have an

automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.*

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007). As previously noted, Appellant filed a timely notice of appeal. Moreover, the issue Appellant presents on appeal was properly preserved in counsel's amended post-sentence motion. Appellant's brief also has a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.

As we have explained:

> The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Marts*, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

Appellant's position is that he has raised a substantial question since the imposition of an aggregate sentence of 18 to 36 months' incarceration (predicated upon the consecutive punishments ordered by the trial court) is excessive given his particular circumstances, including his rehabilitative needs. **See** Appellant's Brief at 7. We have determined, in limited circumstances, that similar claims raise a substantial question. **See Commonwealth v. Dodge**, 77 A.3d 1263, 1270 (Pa. Super. 2013) ("To make it clear, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question."); **see also Commonwealth v. Moury**, 992 A.2d 162, 171–172 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment."). Assuming, without deciding, that Appellant raises a substantial question, we are confident that Appellant is not entitled to relief on the substantive merit of his discretionary sentencing claims.

In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." **Commonwealth**

***v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

In this case, the trial court specifically examined the factors under Section 9721 and fashioned an individualized sentence according to its findings. The court determined that Appellant presented a danger to the community because of his lengthy criminal history, which includes multiple prior assaults upon women. It was also established at Appellant's sentencing hearing that the present assault occurred while Appellant was under supervision for a prior instance of domestic violence. In addition, the court ordered mental health evaluations and treatment to address Appellant's rehabilitative needs and observed that state prison officials could monitor and address Appellant's medical issues. Lastly, while the court determined that Appellant's desires to care for his aging mother and to attend his daughter's graduation were admirable, his criminal history and the risk he posed to society outweighed his pledges to be a better son and father. These determinations find ample support in the certified record and we discern no basis upon which to conclude that the trial court abused its discretion in imposing Appellant's consecutive sentences.

Judgment of sentence affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/5/2015</u>