J-S12027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT LEDBETTER, | |
| Appellant | No. 980 EDA 2015 |

Appeal from the Judgment of Sentence of August 7, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001505-2010

BEFORE: MUNDY, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 02, 2016**

Appellant, Robert Ledbetter, appeals from the judgment of sentence entered on August 7, 2012, as made final by the denial of his post-sentence motion on December 14, 2012. We affirm.

The factual background and procedural history of his case are as follows. On June 12, 2006, Appellant pled guilty to indecent assault without consent.[1] As a collateral consequence of that conviction, Appellant was required to register as a sex offender. On June 2, 2009, Appellant failed to register as required by statute.

_____

[1] 18 Pa.C.S.A. § 3126(a)(1).

*Retired Senior Judge assigned to the Superior Court.

On February 22, 2010, Appellant was charged via criminal information with failure to register as a sex offender,[2] failure to verify address or be photographed as required,[3] and failure to provide accurate registration information.[4] On June 2, 2010, Appellant pled *nolo contendre* to failure to verify address or be photographed as required and was immediately sentenced to three years' probation. On May 19, 2011, Appellant was charged, in Delaware County, with 18 counts of possession of a firearm by a prohibited person.[5] On September 23, 2011, those charges were *nolle prossed* because Appellant was charged with possession of a firearm by a convicted felon[6] in the United States District Court for the Eastern District of Pennsylvania. ***See United States v. Ledbetter***, 11-cr-504 (E.D. Pa.). On November 28, 2011, Appellant pled guilty in federal court to possession of a firearm by a convicted felon and was eventually sentenced to 46 months' imprisonment.

---

[2] 18 Pa.C.S.A. § 4915(a)(1).

[3] 18 Pa.C.S.A. § 4915(a)(2).

[4] 18 Pa.C.S.A. § 4915(a)(3).

[5] 18 Pa.C.S.A. § 6105.

[6] 18 U.S.C. § 922(g)(1).

Based upon these charges, the Commonwealth sought revocation of Appellant's probation. On August 7, 2012, a **Gagnon II**[7] hearing was held. At that hearing, the trial court found Appellant in direct violation of the terms of his probation, revoked his probation, and sentenced him to two to four years' imprisonment. On August 16, 2012, Appellant filed a post-sentence motion. On December 14, 2012, that motion was denied via operation of law. On April 6, 2013, Appellant filed a petition pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Counsel was appointed and, on April 6, 2015, the PCRA court granted the petition and reinstated Appellant's direct appeal rights *nunc pro tunc*. This appeal followed.[8]

Appellant presents one issue for our review:

Is the [A]ppellant entitled to a new sentence hearing because the sentence imposed by the trial court was unreasonable?

Appellant's Brief at 2.

In his lone issue, Appellant argues that his sentence is excessive. This issue challenges the discretionary aspects of Appellant's sentence. **See Commonwealth v. Haynes**, 125 A.3d 800, 806 (Pa. Super. 2015). We

---

[7] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[8] On April 13, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). **See** Pa.R.A.P. 1925(a). On April 22, 2015, Appellant filed his concise statement. On July 16, 2015, the trial court issued its Rule 1925(a) opinion. Appellant's lone issue on appeal was included in his concise statement.

note that "[s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Clarke***, 70 A.3d 1281, 1287 (Pa. Super. 2013), *appeal denied*, 85 A.3d 481 (Pa. 2014) (citation omitted).

Since Appellant was sentenced following the revocation of probation, the sentencing guidelines do not apply to Appellant's sentence. 204 Pa. Code § 303.1(b); ***Commonwealth v. Williams***, 69 A.3d 735, 741 (Pa. Super. 2013), *appeal denied*, 83 A.3d 415 (Pa. 2014).[9] Nevertheless, Appellant may challenge the discretionary aspects of his revocation sentence. ***See Commonwealth v. Cartrette***, 83 A.3d 1030, 1033-1042 (Pa. Super. 2013) (*en banc*). In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." ***Commonwealth v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b).

---

[9] Our General Assembly required that sentencing guidelines be promulgated for probation revocation proceedings. ***See*** 42 Pa.C.S.A. § 2154.4. The Pennsylvania Commission on Sentencing, however, has not yet complied with this mandate.

Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. *See* 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. *Id.* As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

*Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *see also Commonwealth v. Kalichak*, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion"). Appellant filed a timely notice of appeal and the issue was properly preserved in a post-sentence motion. Appellant's brief also includes a statement pursuant to Pennsylvania Rule of Appellate Procedure

2119(f).[10]  Thus, we turn to whether the appeal presents a substantial question.

"In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." *Commonwealth v. Treadway*, 104 A.3d 597, 599 (Pa. Super. 2014) (citation omitted). "The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis." *Commonwealth v. Seagraves*, 103 A.3d 839, 841 (Pa. Super. 2014), *appeal denied*, 116 A.3d 604 (Pa. 2015) (citation omitted).

In his Rule 2119(f) statement, Appellant argues that this case presents a substantial question because the trial court failed to consider the nature of the underlying offense and did not state its reasons for imposing its sentence on the record.  He also argues that a sentence of total confinement was unwarranted in this case.  He further argues that the consecutive nature of his sentence, along with the trial court's failure to consider his rehabilitative needs, was contrary to the fundamental norms of the Sentencing Code.  "An allegation that [the trial court] failed to offer specific reasons for a sentence does raise a substantial question." *Commonwealth*

_____

[10] Although the Commonwealth states that Appellant's Rule 2119(f) statement is defective, it is in fact arguing that Appellant does not raise a substantial question.

- 6 -

*v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011) (internal quotation marks, alteration, and citations omitted). As Appellant raises such a claim, this case presents a substantial question and, thus, we consider the merits of his discretionary aspects claim.

Appellant argues that a sentence of total confinement was inappropriate in this case. The Sentencing Code, however, specifically states that a sentence of total confinement may be imposed if "the defendant has been convicted of another crime[.]" 42 Pa.C.S.A. § 9771(c). As Appellant was convicted of another crime, *i.e.*, possession of a firearm by a convicted felon, total confinement was appropriate in this case. Appellant also argues that the trial court failed to consider the underlying offense for which he was on probation. This argument is without merit. At the *Gagnon II* hearing, the trial court heard that Appellant was required to register as a sex offender because he was convicted of having sexual intercourse with an underage female. *See* N.T., 8/7/12, at 4.[11] Appellant then addressed the trial court regarding the underlying offense, *i.e.*, failure to verify address or be photographed as required. *Id.* at 5. The trial court noted that although it was concerned with the underlying charge, it was more concerned with Appellant's failure to comply with the terms of his probation. *See id.*

---

[11] The notes of testimony from August 7, 2012 are incorrectly marked as being from August 7, 2013.

Appellant also argues that the trial court abused its discretion by ordering Appellant's sentence to run consecutively to his federal sentence. He avers that the trial court was unaware of the length of the federal sentence. The record belies this assertion. The trial court was informed of the length of the sentence at the *Gagnon II* hearing and asked a question to clarify the length of the sentence. *Id.* at 4. The trial court then determined that a consecutive sentence was appropriate. This is consistent with this Court's precedent. *Commonwealth v. Swope*, 123 A.3d 333, 341 (Pa. Super. 2015) (citation omitted) ("Appellant is not entitled to a volume discount for his crimes."); *Commonwealth v. Zirkle*, 107 A.3d 127, 134 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015).

Appellant contends that the trial court failed to consider his rehabilitative needs. The sentencing transcript, however, reflects that the trial court engaged in a colloquy with Appellant about how he was told to stay out of trouble while on probation. N.T., 8/7/12, at 4-5. Then, as the trial court put it, Appellant had "gun charges of all things" brought against him. *Id.* at 5. The trial court therefore determined that probation was not succeeding in rehabilitating Appellant and sentenced him to total confinement.

Finally, Appellant argues that the trial court did not adequately explain its rationale for its sentence. As this Court has noted, "although a court is required to explain its reasons for imposing sentence, it need not specifically

cite or include the language of the sentencing code, it must only demonstrate that the court [] considered the factors specified in the code." ***Commonwealth v. Fish***, 752 A.2d 921, 924 (Pa. Super. 2000) (internal quotation marks and citation omitted). We conclude that the trial court in the case *sub judice* satisfied this minimum requirement. Our review of the sentencing transcript indicates that the trial court reviewed Appellant's case prior to the ***Gagnon II*** hearing. ***See*** N.T., 8/7/12, at 4 (offering unsolicited that Appellant was on probation for a sexual offense). The trial court determined that Appellant's possession of at least 18 firearms while both a convicted felon and still on probation constituted a danger to the public. As noted above, the trial court also found that such possession was a grave violation of the terms of Appellant's probation. ***Id.*** at 4-5. Finally, the trial court considered Appellant's rehabilitative needs. It concluded that Appellant was lying when he averred at the ***Gagnon II*** hearing that he was unaware he could not possess a firearm. ***Id.*** at 6. It therefore determined that a sentence of two to four years' imprisonment was appropriate.

We conclude that this determination was not an abuse of discretion. Appellant committed a serious sex offense and was required to register as a sex offender. Appellant failed to comply with his registration requirements and made excuses for his failure. ***See id.*** at 5 (stating that his failure to register was a result of a miscommunication with the Pennsylvania State Police). As a convicted felon, Appellant was aware that he could not possess

a firearm; yet, he was found in possession of at least 18 firearms. He then pleaded ignorance of the law at his **_Gagnon II_** hearing. The record supports the trial court's conclusion that Appellant's refusal to comply with the collateral consequences of his convictions and his violation of the terms of his probation warranted significant prison sentence. Accordingly, Appellant's discretionary aspects claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/2016