**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES WALLACE SMITH, | |
| Appellant | No. 1031 WDA 2015 |

Appeal from the Judgment of Sentence of May 4, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008899-2014

BEFORE:  OLSON, J., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY OLSON, J.:                    **FILED JUNE 20, 2017**

Appellant, James Wallace Smith, appeals from the judgment of sentence entered on May 4, 2015 in the Court of Common Pleas of Allegheny County, as made final by the denial of post-sentence motions.  We affirm.

On March 30, 2014, Appellant was arrested and charged with the following offenses:  (count one) robbery – serious bodily injury, 18 Pa.C.S.A. § 3701(a)(1)(i); (count two) burglary, 18 Pa.C.S.A. § 3502(a)(4); (count three) aggravated assault, 18 Pa.C.S.A. § 2702(a)(4); (count four) possession of a firearm with an altered manufacturer's number, 18 Pa.C.S.A. § 6110.2(a); (count five) carrying firearm without a license, 18 Pa.C.S.A. § 6106; (count six) escape, 18 Pa.C.S.A. § 5121(a); (count seven) person not to possess a firearm, 18 Pa.C.S.A. § 6105(a); (count 8) possessing instruments of crime, 18 Pa.C.S.A. § 907(a); (count nine) simple assault, 18

*Former Justice specially assigned to the Superior Court.

Pa.C.S.A. § 2701(a); and, (count 10) possessing instruments of crime, 18 Pa.C.S.A. § 907(a).

Appellant appeared at a preliminary hearing on July 2, 2014, where he was represented by an attorney from the public defender's office. After the hearing, the magisterial district judge dismissed Appellant's escape charge. The dismissal of that charge was not recorded on the docket and Appellant was formally arraigned on that offense.

On October 30, 2014, a different attorney from the public defender's office filed a motion for a continuance on behalf of Appellant so that Appellant could undergo a competency evaluation by the Allegheny County Behavioral Assessment Unit. The trial court granted that motion and rescheduled the case for February 9, 2015. On February 9, 2015, a third public defender filed a written motion for a continuance because Appellant's assigned counsel was unavailable. The motion alleged that, because of Appellant's intellectual deficits, the Behavioral Assessment Unit psychiatrist stated that Appellant's counsel would need to explain things to him carefully, slowly and repeatedly. Although the trial court conducted a hearing on Appellant's motion, the proceeding was not transcribed. Ultimately, the court denied that motion.

During the afternoon of February 9, 2015, Appellant, represented by yet another public defender, entered a guilty plea to the following charges: robbery (count one); burglary (count two); aggravated assault (count three); possession of a firearm with an altered manufacturer's number

(count four); carrying a firearm without a license (count five); person not to possess a firearm (count seven); possessing instruments of crime (count eight); and, simple assault (count nine). According to Appellant's written judgment of sentence, the charges of escape (count six) and possessing instruments of crime (count 10) were withdrawn.

On May 4, 2015, the trial court sentenced Appellant to serve four to eight years of incarceration for robbery (count one), two to four years of incarceration for possession of a firearm with an altered manufacturer's number (count four), and one to two years' incarceration for carrying a firearm without a license (count five). The trial court ordered Appellant's sentences to run consecutively to one another. No further penalty was imposed at the remaining counts. Thus, Appellant received an aggregate sentence of seven to 14 years of incarceration.

Appellant filed a post-sentence motion to reconsider sentence on May 14, 2015. Following a hearing on June 3, 2015, the court denied Appellant's post-sentence motion.

Appellant filed a timely notice of appeal on July 2, 2015. On September 17, 2015, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. After receiving several extensions of time, Appellant filed his concise statement on April 29, 2016. The court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a).

Appellant raises the following claims for our review.

Did the trial court abuse its discretion by failing to grant the motion for continuance when [Appellant's intelligence quotient (IQ)] was just 57, his attorney was unavailable, and a court-appointed doctor had required that information be explained "carefully, slowly and repeatedly" for Mr. Smith to stand trial?

Did the trial court fail to adequately consider and apply all of the relevant sentencing criteria under 42 Pa.C.S.A. § 9721(b) (sentencing generally; general standards) and 42 Pa.C.S.A. § 9725 (total confinement) when it sentenced [Appellant] to seven to 14 years of incarceration?

Appellant's Brief at 5.

In his first claim, Appellant asserts that the trial court abused its discretion in denying his motion for a continuance on February 9, 2015. At the time of the postponement request, substitute counsel appeared in place of Appellant's assigned public defender. Citing a behavioral assessment from June 2014, which stated that Appellant was marginally competent to stand trial and that his attorney would have to explain concepts "carefully, slowly, and repeatedly," substitute counsel argued in the postponement motion that Appellant's assigned attorney would need additional time in which to prepare. To support his claim on appeal that the trial court abused its discretion in denying the postponement motion, Appellant points to questions he raised about the adequacy of his representation during the course of his plea hearing. For additional support, Appellant cites statements in his presentence report indicating that he was confused about the charges against him and that he would not have pled guilty if he had a greater understanding of the case. Under these circumstances, Appellant

- 4 -

maintains that the interests of justice required the trial court to grant his request for a continuance.

Rule 301 of the Pennsylvania Rules of Criminal Procedure, which governs the granting of continuances, provides in pertinent part:

    (a)    The court may, in the interests of justice, grant a continuance, of its own motion, or on the motion of either party[;]

    (b)    A motion for continuance on behalf of the defendant shall be made not later than forty-eight hours before the time set for the trial. A later motion shall be entertained only when the opportunity therefor did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it.

Pa. R.Crim. P. 301.

"The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." **Commonwealth v. McAleer**, 748 A.2d 670, 673 (Pa. 2000) (citations omitted). For purposes of this inquiry, "an abuse of discretion is not merely an error of judgment[; r]ather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record[.]" **Id.**

The parties do not dispute that Appellant's request for a continuance was not made forty-eight hours before the time set for trial. We must consider, then, whether the trial judge abused his discretion in finding that

- 5 -

the interests of justice did not warrant granting Appellant's postponement request. After careful review, we discern no abuse of discretion.

The trial court reasoned as follows in rejecting Appellant's motion for a continuance.

> In the case at hand, the [t]rial [c]ourt's denial of [Appellant's] motion for a continuance cannot logically be classified as unreasonable. [Appellant's] attorneys presumably prepared him for the case well ahead of time and explained matters as the case went forward. [Additionally, a more contemporaneous psychiatric report issued in November 2014 found Appellant to be competent to stand trial.] There is no indication that the lack of additional time influenced [Appellant's] decision to plead guilty (or to elect not to withdraw his plea) or in any way led to a miscarriage of justice. Although [Appellant] indicated in his colloquy form that he was initially unsatisfied with the legal advice and representation of his attorney, he confirmed multiple times at the time of his plea that he was indeed satisfied. He further confirmed to the [t]rial [c]ourt that, despite his earlier answers on the colloquy form, he also had been given enough time to consult with his attorney before entering his plea. Finally, [Appellant] also confirmed that any physical or mental illness he had did not prevent him from understanding the nature of the proceedings and that he was making a voluntary decision to plead guilty. Months afterward at the sentencing hearing, [Appellant] stated that although he had considered withdrawing his plea, he ultimately decided against it. All of this evidence in the record demonstrates that despite his intellectual disability and mental health issues, [Appellant] was provided with sufficient legal advice and representation as well as adequate time to consider the nature and consequences of his actions in deciding to plead guilty. The suggestion that [assigned counsel's] absence on the day of [Appellant's] plea hearing justified a continuance on its own is illogical, as it implies that only assigned counsel was capable of properly explaining the case to [Appellant]. The conclusion that the [t]rial [c]ourt's decision to deny [Appellant's] motion for a continuance under these circumstances constituted an error rising to the level of an abuse of discretion is totally unfounded.

Trial Court Opinion, 7/15/16, at 7-8.

Based upon our own assessment of the certified record, we agree with the trial court that the interests of justice did not warrant a continuance of Appellant's trial date.

In his second issue, Appellant contends that the trial court abused its discretion in imposing a manifestly excessive sentence without considering the factors identified in 42 Pa.C.S.A. § 9721(b). Appellant also argues that the court placed undue weight on a prior, unrelated juvenile offense. These claims challenge the discretionary aspects of Appellant's sentence. **Commonwealth v. Rhoades**, 8 A.3d 912, 916 (Pa. Super. 2010), *appeal denied*, 25 A.3d 328 (Pa. 2011).

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." **Commonwealth v. Clarke**, 70 A.3d 1281, 1287 (Pa. Super. 2013) (citation omitted). Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

As this Court has explained:

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the

- 7 -

sentence appealed from is not appropriate under the Sentencing Code, 42 [Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007); ***see also***

***Commonwealth v. Kalichak***, 943 A.2d 285, 289 (Pa. Super. 2008) ("when a court revokes probation and imposes a new sentence, a criminal defendant needs to preserve challenges to the discretionary aspects of that sentence either by objecting during the revocation sentencing or by filing a post-sentence motion").  In this case, Appellant filed a timely notice of appeal and properly preserved his claims in a post-sentence motion. Appellant's brief also contains a statement pursuant to Pa.R.A.P. 2119(f). Thus, we turn to whether the appeal presents a substantial question.

As we have explained:

The determination of whether a particular case raises a substantial question is to be evaluated on a case-by-case basis. Generally, however, in order to establish that there is a substantial question, the appellant must show actions by the sentencing court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005) (internal citations omitted).

In his Rule 2119(f) statement, Appellant contends that the trial court "failed to consider the relevant criteria under 42 Pa.C.S.A. § 9721(b), and, instead, focused on the seriousness of the crimes."  Appellant's Brief at 32. This Court has held that a defendant presents a substantial question for review where he challenges the sentencing court's failure to consider the

factors found in § 9721(b). **See Commonwealth v. Derry**, 2016 WL 6776292, *6 (Pa. Super. Nov. 15, 2016); **see also Commonwealth v. Cartrette**, 83 A.3d 1030, 1042-1043 (Pa. Super. 2013) (*en banc*) (in appeal from VOP sentence, substantial question presented by claim that sentencing court did not consider appropriate sentencing factors found in § 9721(b)). Moreover, Appellant claims that the trial court overlooked his diminished cognitive abilities and the fact that he was easily manipulated by others. This Court has recognized a substantial question where the trial court fails to consider a defendant's individualized needs. **Commonwealth v. Serrano**, 2015 WL 6776287, *2 (Pa. Super. Nov. 15, 2016). Accordingly, we now turn to the merits of Appellant's sentencing claims.

In sentencing Appellant, the trial court was required to "consider the general principles and standards of the Sentencing Code." **Commonwealth v. Russell**, 460 A.2d 316, 322 (Pa. Super. 1983). Section 9721 expresses these general principles in the following manner:

> the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.

42 Pa.C.S.A. § 9721(b). In addition, 42 Pa.C.S.A. § 9725 permits the trial court to impose a sentence of total confinement "if, having regard to the nature and circumstances of the crime and the history, character, and condition of the defendant, it is of the opinion that the total confinement of the defendant is necessary because: (1) there is undue risk that during a

period of probation or partial confinement the defendant will commit another crime; (2) the defendant is in need of correctional treatment that can be provided most effectively by his commitment to an institution; or (3) a lesser sentence will depreciate the seriousness of the crime of the defendant."[1] 42 Pa.C.S.A. § 9725.

---

[1] Our review is further guided by the following provisions of sentencing code:

**§ 9781. Appellate review of sentence**

(c) Determination on appeal.--The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

(d) Review of record.--In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

*(Footnote Continued Next Page)*

Here, the trial court offered the following explanation for the sentence imposed in this case:

> [Appellant's] additional assertions that the [t]rial [c]ourt failed to adequately consider and apply the relevant sentencing criteria and that it solely focused on the gravity of the offense at the expense of other relevant factors are without merit. It is clear from the record that the [t]rial [c]ourt considered not only the gravity of the offense, but also numerous other factors in deciding upon an appropriate sentence, including [Appellant's] acceptance of responsibility for his actions, his history of intellectual disability and mental health problems, and the testimony of a number of witnesses. Nowhere in the record is there any evidence or indication that the [t]rial [c]ourt did not actually consider these factors in sentencing, or that it focused only on the serious nature of the offenses committed and ignored or discounted other considerations as a result. Beyond mere speculation and bold assertions, there is no support for the claim that the [t]rial [c]ourt abused its discretion in sentencing.
>
> [Appellant's] next argument [is] that the [t]rial [c]ourt relied on improper factors in its sentencing decision. [Appellant] specifically argues that the [t]rial [c]ourt considered testimony about a prior juvenile adjudication unrelated to the case at issue. The [t]rial [c]ourt acted well within its discretion in considering [Appellant's] juvenile record, though, and [Appellant's] argument fails to demonstrate an abuse of that discretion.
>
> The Pennsylvania Supreme Court has held that while a defendant's juvenile record could not be used as evidence in another court, it may be admitted for sentencing purposes. ***Commonwealth v. Baker***, 614 A.2d 663, 676 (Pa. 1992). The Court reasoned that to deprive the courts of the right to be

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781.

- 11 -

informed of and to consider the history and background of the person subject to sentence may result in sentences which are unjust and unfair to both society and defendants. *Id*. It further reasoned that the judge is entitled to all of the material facts to inform him as to what kind of offender he is dealing with to assist him in determining the appropriate penalty. *Id*.

With this precedent in mind, it is clear in the case at hand that [the trial court's] consideration of this factor was not improper, as this was a material matter relevant to determining an appropriate sentence. The [t]rial [c]ourt was entitled to consider these facts and was not required to ignore or disregard [Appellant's] actions as a juvenile in sentencing. In particular, [Appellant's] past attempted carjacking episode was instructive in informing the [t]rial [c]ourt as to the nature of the offender it was dealing with and was directly related to the protection of the public that must be considered in crafting a just sentence. Therefore, the [t]rial [c]ourt did not abuse its discretion in taking [Appellant's] juvenile record into account for sentencing purposes.

Trial Court Opinion, 7/15/16, at 4-6.

Based upon the transcript of Appellant's sentencing hearing and the foregoing rationale for Appellant's punishment, we discern no abuse of the trial court's discretion. Before imposing a sentence of total confinement, it is evident that the trial court carefully considered the need to protect the public, the gravity of Appellant's conduct and its potential impact on the community, and Appellant's rehabilitative needs. Ultimately, the trial court concluded that Appellant's continued involvement with criminal activity, particularly violent offenses, showed that a more lenient sentence would fail to ensure that Appellant received the rehabilitative programming that he needs. The record firmly supports these assessments. Accordingly, we see no reason to disturb the sentence imposed in this case.

- 12 -

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2017