J-A09030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ALAN WRIGHT | : | |
| | : | |
| Appellant | : | No. 349 WDA 2023 |

Appeal from the Judgment of Sentence Entered October 24, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0000860-2020,
CP-65-CR-0000861-2020, CP-65-CR-0000862-2020,
CP-65-CR-0000863-2020, CP-65-CR-0000864-2020,
CP-65-CR-0002671-2020


BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                **FILED: July 8, 2024**

Eric Wright appeals from the judgment of sentence imposed after a jury found him guilty of multiple sex offenses and related charges in several, consolidated cases.  He challenges the sufficiency and weight of the evidence and the trial court's failure to issue a requested jury instruction.  Upon review, we affirm.

This appeal arises from numerous sex offenses involving different victims, including Wright's minor daughter, his daughter's maternal grandmother, his friend's wife and two minor daughters, and a customer of his employer.  These offenses occurred at various times dating back to 2000.  Wright was charged in six separate cases, one for each victim, which were

consolidated for trial. In its opinion, the trial court summarized the evidence presented in each case, which we need not repeat here.

In April 2022, a jury found Wright guilty of all counts in these cases which included: five counts of rape, one count each of rape of a child, burglary, incest, endangering the welfare of a child, and open lewdness, four counts of sexual assault, six counts of indecent assault, two counts of indecent exposure, and two counts of corruption of minors.[1] On October 24, 2022, the trial court sentenced Wright to an aggregate term of 36 1/2 to 73 years' incarceration. The court determined that Wright was a sexually violent predator and ordered lifetime SORNA registration. Wright filed a post-sentence motion, which the court denied.

Wright filed these timely appeals.[2] He and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Wright raises the following three issues for our review:

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3121(c), 3502(a)(1)(ii), 4302(b)(1), 4304(a)(1), 5901, 3126(a)(1), (7) and (8), 3127(a), and 6301(a)(1)(ii).

[2] Wright filed a single notice of appeal for all six docket numbers in violation of *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). However, because the trial court issued an order denying Wright's post-sentence motions listing all docket numbers and indicating that Wright had the "right to appeal and any appeal" needed to be filed within 30 days, suggesting he could file a single appeal, we decline to quash or remand this appeal. *See Commonwealth v. Larkin*, 235 A.3d 350 (Pa. Super. 2020) (*en banc*); *Commonwealth v. Stansbury*, 219 A.3d 157 (Pa. Super. 2019)

I.  Was the evidence sufficient to sustain a guilty verdict on the charge of [b]urglary at Case No. [860-2020]?

II.  Was the weight of the evidence presented at trial sufficient to warrant guilty convictions on all charges?

III.  Did the trial court abuse its discretion for not giving the standard jury instruction "false-in one, false in all" at Case No. [860-2020] when the [Complainant] lied about a material fact in her testimony?

Wright's Brief at 5.

In his first issue, Wright challenges the sufficiency of the evidence to sustain his conviction for burglary in Case No. 860-2020. Specifically, he argues that the evidence failed to establish that he entered L.W.'s residence without permission or that he had the requisite intent to commit a crime therein. **See** Wright's Brief at 23. Instead, Wright maintains that the evidence showed that he and L.W. had a friendly relationship; he went to L.W.'s for money she owed him; he knocked on the door and when she went to get the money, she did not lock the door or ask him to leave. Based on this evidence, Wright claims the Commonwealth did not prove he committed burglary. ***Id.*** at 23-24. We disagree.

In reviewing a sufficiency of the evidence claim,

we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011) (citations omitted). However, "the inferences must flow from facts and circumstances proven in the record and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt." *Commonwealth v. Scott,* 597 A.2d 1220, 1221 (Pa. Super. 1991). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review." *Id.* "Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Diamond*, 83 A.3d 119, 126 (Pa. 2013).

To establish the offense of burglary the Commonwealth must show that the defendant entered a building or occupied structure "with the intent to commit a crime therein" when any person is present. 18 Pa.C.S.A. §3502(a)(1)(ii). It is a defense to burglary if "at the time of the commission of the offense . . . [t]he actor is licensed or privileged to enter." *Id.* at §3502(b)(3). For purposes of the burglary statute, a license or privilege to enter a building or occupied structure "is negated when it is acquired by deception." *Commonwealth v. Sanchez*, 82 A.3d 943, 973 (Pa. 2013). The intent to commit a crime must be formed prior to the entering. *See Commonwealth v. Russell*, 460 A.2d 316, 321 (Pa. 1983). This intent may be established by the defendant's words or inferred from his conduct or from the attendant circumstances. *Id.* at 321-22.

- 4 -

Preliminarily, we observe that Wright failed to set forth his sufficiency claim in his Rule 1925(b) statement and statement of questions involved with the requisite specificity.[3] Wright merely claimed that the evidence was insufficient to support his conviction for burglary; he did not identify which element(s) the Commonwealth allegedly failed to establish. As such, Wright waived his sufficiency claim. *See Commonwealth v. Garland*, 63 A.3d 339, 344 (Pa. Super. 2013) (holding sufficiency claim waived where the Rule 1925(b) statement did not specify which element(s) the appellant was challenging). Even if Wright did not waive this issue, we would conclude that there was sufficient evidence to sustain his conviction for burglary.

The evidence at trial showed that L.W. took her car to Big Dawg's Auto for repair in 2018. Wright worked at Big Dawg's, which was owned by his friends. While there, L.W. noticed Wright fumbling with his pants. She did not pay much attention, thinking he was adjusting himself, but he then pulled his penis out in front of her. N.T., 2/21/22, at 418-19.

Later that year, L.W. went back to Big Dawg's to have her tire repaired. Wright fixed it but did not charge her. About a month later Wright came to L.W.'s residence, knocked on her door, and told her he needed $20 for the tire repair. L.W. testified, "you told me to leave. And he said, well, they want

---

[3] The trial court maintains that this issue is improper because Wright relied on the same facts and arguments to support his sufficiency and weight claims in his post-sentence motion. Trial Court Opinion, 5/25/23, at 24. However, a sufficiency claim may be raised for the first time on appeal.

the money for it." She left him outside, on the other side of the screen door, while she went to get the money from her purse. When she turned around, Wright was standing in her house. She testified that she did not invite him in or give him permission to enter; he just came in. She did not hear him come in the house. Wright then pulled down his pants, pulled L.W.'s pants down, and pinned her to the wall near the door with her face against the wall. L.W. protested, but he told her to be quiet and covered her mouth with his hand. Wright raped her, and then said, "paid off." *Id.* at 421-34.

This evidence was sufficient to establish that Wright was not licensed or privileged to enter L.W.'s residence. L.W. did not invite Wright into her house but left him standing outside, with the screen door closed. Instead, Wright just let himself in, and did so quietly so as not to alert L.W. Further, Wright had ulterior motives for going to L.W.'s house. Wright claimed he went there to get money from L.W. for her tire repair. However, after Wright raped L.W., he told her "Paid off." From this and Wright's deceptive entry into L.W.'s house, the jury could infer that he had no intention to collect $20 from L.W. but instead intended to unlawfully enter her residence to rape her. Wright's prior conduct with L.W. is further evidence from which the jury could infer that he had criminal intentions when he went to L.W.s residence.

Thus, viewing the evidence in the light most favorable to the Commonwealth, we conclude that the evidence was sufficient to sustain Wright's conviction for burglary in Case No. 860-2020. Wright's first issue fails.

In his second issue, Wright claims that the verdict for all offenses was against the weight of the evidence. Wright maintains that the Commonwealth presented no physical or scientific evidence to support the victims' claims. Instead, according to Wright, the Commonwealth relied on the victim's statements, which were incredible and inconsistent, to prove its cases. He further argues that leading questions were used to elicit testimony; recollections of events were uncertain; timelines were inaccurate; and no reports were made to authorities or others after the alleged incidents. Wright therefore claims the trial court abused its discretion in finding that the verdict was not against weight of evidence. Wright's Brief at 22, 24-25, 27-29. We disagree.

When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. ***Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.***
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> * * *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim***

- 7 -

> *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.*

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of evidence . . . ." *Id.* at 1055. Absent an abuse of discretion, the trial court's decision will not be disturbed. *See Commonwealth v. Griffin*, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." *Commonwealth v. West*, 937 A.2d 516, 521 (Pa. Super. 2007). By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record." *Id.*

Here, the trial court concluded that Wright's convictions were not so contrary to the evidence as to shock its conscience. Trial Court Opinion, 5/25/23, at 15, 17, 18, 20, 23-24. In reaching its conclusion, the trial court thoroughly reviewed the evidence in each case. This included each victim's testimony, the circumstances of each victim's encounter(s) and relationship with Wright, corroborating evidence, and Wright's own testimony. The court explained that it sustained certain objections to defense counsel's leading questions but overruled others, particularly given the traumatic and sensitive nature of the testimony of Wright's daughter against him. The court observed that the Commonwealth presented expert testimony to explain why victims,

underage or of age, do not immediately report, or hesitate to, report sexual abuse. Further, the court noted that it was for the jury as factfinder to resolve all issues of credibility, resolve any conflicts in evidence, make reasonable inferences from the evidence, and believe all, none, or some of the evidence. The jury weighed the evidence, credited the victims' testimony, and concluded Wright committed the crimes charged against him.

Our review of the record shows that it adequately supports the trial court's determination as to Wright's weight claim. The court thoughtfully considered Wright's arguments in reaching its decision. Wright essentially asks this Court to reassess the credibility of the victim's and reweigh the evidence presented at trial, which we cannot do. We therefore conclude that the trial court did not abuse its discretion. Accordingly, Wright's second issue fails.

In his third issue, Wright claims that the trial court abused its discretion in failing to give his requested "false in one, false in all" jury instruction where the victim in Case No. 860-2020 lied about a material fact. Specifically, he claims that L.W. admitted she lied about what she did with her clothes after Wright raped and sexually assaulted her. Therefore, he maintains that, because the court did not give the instruction to address this, he is entitled to a new trial. Wright's Brief at 11, 30-31.

Upon review of the record, we observe that Wright failed to preserve this issue for our consideration. The Rules of Criminal Procedure provide in relevant part:

> Rule 647. Request for Instructions, Charge to the Jury, and Preliminary Instructions
>
> ***
>
> (B) No portions of the charge nor omissions therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate.

Pa.R.Crim.P. 647(B). **See also** Pa.R.A.P. 302(b) ("A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of").

Here, defense counsel did not object after she requested the "false in one, false in all" instruction and the trial court denied the request. N.T., 4/21/22, 574-76. Counsel also did not object after the trial court gave the instructions to the jury instructions and before the jury retired to deliberate. Notably, the trial court asked if there were any instructions it failed to give, and defense counsel responded "No." N.T., 4/22/22, at 637. Consequently, this issue is waived. Even if this issue were not waived, we would conclude that the trial court did not abuse its discretion when refused to give this instruction.[4]

The "false in one, false in all" instruction is a "concept for assessing the weight of evidence. . . . It [] means that a jury may disregard the testimony of a witness if the jury believes that [a] witness deliberately, or willfully and

---

[4] "[O]ur standard of review when considering the denial of jury instructions is one of deference—an appellate court will reverse a court's decision only when it abused its discretion or committed an error of law." **Commonwealth v. Baker**, 24 A.3d 1006, 1022 (Pa. Super. 2011) (citation omitted).

- 10 -

corruptly, testified falsely about a *material issue*." *Commonwealth v. Vicens–Rodriguez*, 911 A.2d 116, 117 (Pa. Super. 2006) (emphasis added) (footnote omitted). The standard jury charge reads:

> If you decide that a witness deliberately testified falsely about a material point [that is, about a matter that could affect the outcome of this trial,] you may for that reason alone choose to disbelieve the rest of his or her testimony. But you are not required to do so. You should consider not only the deliberate falsehood but also all other factors bearing on the witness's credibility in deciding whether to believe other parts of [his][her] testimony.

Pennsylvania Suggested Standard Jury Instruction (Crim) 4.15; *Vicens-Rodriguez*, at 117–18. Furthermore, when a full and complete charge is given on credibility, . . . there is no error in failing to give [this] specific charge. *Id.* at 120.

> Here, the trial court explained its rationale for not giving this instruction:
>
> L.W. testified at trial that she initially told investigators that she burned her clothes at her father's home after [Wright] raped her because she was worried she would be cited for burning her clothes in her own backyard due to an ordinance prohibiting this.
>
> However, L.W. admitted that she burned the clothes in her own backyard.
>
> This [c]ourt concluded that the place where L.W. burned the clothes was not a material fact to the case. Therefore, the Court did not provide the instruction.
>
> This court maintains L.W.'s testimony regarding where she burned her clothes was not a material point that could affect the outcome of the trial, and did not concern the facts of the offenses alleged. Moreover, this [c]ourt read the general instructions to the jury regarding witness credibility, encompassing many of the same guidelines and principles guiding the jury in observing and making credibility determinations.

Trial Court Opinion, 5/25/23, at 25. Based on this explanation, we conclude that the trial court did not abuse its discretion by refusing to give the requested jury instruction. Wright's third issue fails.

In sum, because Wright's first issue is meritless, as the evidence was sufficient to convict him of burglary, Wright is entitled to no relief. Further, because Wright's second and third issues are meritless, we conclude that the trial court did not err in denying Wright's post-sentence motion and request for a new trial.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/08/2024